Order reversed upon the Commissioner's appeal.

## COMMISSIONER OF INTERNAL REVENUE v. FLUSHINGSIDE REALTY CO.

## FLUSHINGSIDE REALTY CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 44.

Circuit Court of Appeals, Second Circuit.

May 7, 1945.

William Dwight Whitney and Cravath, Swaine & Moore, all of New York City (Roswell Magill, George G. Tyler, and William R. White, all of New York City, of counsel), for Flushingside Realty & Construction Co.

Hilbert P. Zarky, of Washington, D. C., Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for the Commissioner.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

 This case involves the same questions decided in Winter Realty & Construction Co. v. Commissioner of Internal Revenue, 2 Cir., 149 F.2d 567, and one other question. The Commissioner challenges an exemption of $40,657.84, found by the Tax Court to have been invested in "similar property" out of an installment of the award which was paid in 1936; he says that there is no evidence, "substantial" or otherwise, to support the finding. The testimony was that this installment—over $90,000—was deposited in the taxpayer's general bank account as soon as it was received; and that the "similar property" was bought between May and November of 1937. There was no evidence, however, as to the deposit account after May 4, 1936, except that on December 31, 1936 it stood at $22,186.61. The findings were in the following words: "Petitioner, upon receipt of the award money in 1932, 1935 and 1936, respectively forthwith expended a part of the proceeds thereof in the acquisition of other property similar or related in service or use to the property taken." And again: "The evidence shows that all of this amount"—$40,657.84—"and $43.82 of other funds were used to acquire the improvements at Northern Boulevard and Prince Street * * * and additional land." There is nothing in the evidence to support these findings other than what we have said. So strictly has our review of findings of fact by the Tax Court been confined, that it is always with much hesitation that we approach a reversal. Yet we must have some scrutiny at whatever reserve, unless our review is to be limited to a bald examination as to whether the court has stated enough facts to make a legal foundation for its order. We should suppose that there might conceivably be constitutional doubts as to such a complete abdication; and, up to the present time at any rate, the Supreme Court has not suggested that we must so far abstain. We must assume therefore,—the taxpayer having the burden—that if the record is wholly destitute of evidence to support a finding, it is our duty to reverse an order which must rest upon it.

 We cannot escape the conclusion that that was the situation in the case at bar. The taxpayer's general bank account was subject to drafts for its daily needs; what went into it, or came out of it, we do not know; all we do know is that, as we have said, at the end of the year it was $22,186.61. Possibly in support of the Tax Court's finding, we should attribute all withdrawals meanwhile to other deposits than the award, as we should do were we dealing with an account in which a trustee had mingled trust monies with his own. Possibly we should also assume that between May 4, 1936 and December 31, 1936, the account had never fallen below the figure at which it then was. We are aware that only in case a question of law emerges stripped of all possible equivocation, should we intervene. Yet, after all such presumptions have had their say, it indubitably appears that no part of the award got into the account after December 31, 1936; and that the sum at which it then stood is the limit to which the taxpayer has been able to trace the money into "similar property;" and the regulations require owners so to trace the awards. (Article 112(f)-1, Regulations 94). If we add $22,186.61 to the amount of the first installment which was traced into "similar property" in 1932, the sum of the two is less than the "basis" of the property—$81,889.28—and hence, under the rule which we laid down in Winter Realty & Construction Co. v. Commissioner of Internal Revenue, no part of the "gain" fell within the exemption.

 It follows that, unless we are to assume that there was other evidence of which the record bears no trace, the finding must be reversed; we do not understand that hitherto even a finding of the Tax Court has been held to be invulnerable to quite that extent.

Order affirmed on the taxpayer's appeal.

Order reversed on the Commissioner's appeal.