In the Matter of FRANK B. WEBER et al., Petitioners, *v.* STATE TAX COMMISSION, Respondent.

Third Department, June 20, 1974.

*Charles J. McPeak* for petitioners.

*Louis J. Lefkowitz, Attorney-General (Vincent P. Molineaux and Ruth Kessler Toch* of counsel), for respondent.

REYNOLDS, J. The facts involved in this appeal are not disputed. The only issues presented are legal questions involving the Federal and State Tax Laws. The salient facts are that petitioners in 1959 had a portion of their real property utilized by them for business purposes appropriated by the State for highway purposes. Then, in 1966, petitioners settled their claim with the State, following a trial in the Court of Claims and while an appeal was pending, for a total amount, covering both

direct and consequential damages for the property taken, of $147,600 plus interest. Additionally, in 1960 petitioners acquired an adjacent parcel of real property of approximately the same size as that taken for $10,000.

From these facts the issues raised are: were litigation expenses incurred in connection with the Court of Claims action deductible as ordinary and necessary business expenses; did the interest received by petitioners on the condemnation award constitute unincorporated business income; and did the $10,000 spent by petitioners on replacement property qualify for non-recognition pursuant to subdivision (a) of section 1033 of the Internal Revenue Code of 1954. The State Tax Commission has ruled against the petitioners on all issues and we concur in its determinations.

The test of whether litigation expenses constitute nondeductible capital expenditures, as opposed to ordinary expenses deductible pursuant to sections 162 and 212 of the Internal Revenue Code, is the origin and nature of the claim litigated, not the "primary purpose" of the taxpayer in incurring them (*Woodward* v. *Commissioner*, 397 U. S. 572; *United States* v. *Hilton Hotels*, 397 U. S. 580; see *Anchor Coupling Co.* v. *United States*, 427 F. 2d 429, cert. den. 401 U. S. 908; *Helgerson* v. *United States*, 426 F. 2d 1293). Utilizing this standard, it is evident that under the facts of the instant case, the present litigation was born out of the involuntary conversion (by appropriation) of one of petitioners' capital assets, their land, so that its expense may properly be considered as incident to the sale or disposition (albeit forced) of a capital asset (see *Petschek* v. *United States*, 335 F. 2d 734, 736; *Commissioner of Internal Revenue* v. *Doering*, 335 F. 2d 738). Thus the litigation expenses were capital in nature and must be capitalized and offset against the proceeds of the award in determining the gain or loss to be recognized on the conversion (1 Commerce Clearing House, Standard Federal Tax Reporter [1974], par. 1348.4175; Prentice-Hall, Federal Tax Guide — Attorney's Edition [1973], Explanation Volume, pars. 16,717 and 31,724).

As to the petitioners' second issue, the interest on the award was concededly ordinary income rather than capital gain, and since it was generated in the direct process of the disposition of a business asset, was properly held to be income subject to the unincorporated business tax.

Finally, the petitioners contend that the reinvestment of some $10,000 in replacement property in 1960 qualified for nonrecognition pursuant to paragraph (3) of subdivision (a)

of section 1033 of the Internal Revenue Code of 1954. However, that statute provides that in the event that an otherwise qualifying purchase is made, any gain on the conversion shall nevertheless be recognized, but only to the extent that the amount realized exceeds the cost of the replacement property. What is thus specified is a limit beyond which any further gain shall not be recognized and applying the statutory formula to the case at bar it becomes evident that nothing in excess of the statutory limit was recognized on this conversion. Accordingly, no part of the gain qualifies for nonrecognition (see Tres. Reg. on Income Tax, §§ 1.1033(a)–2 [c] (1) & (2) and 1.1033(c)–1 [a] & [b]). Moreover, no portion of the gain realized on an involuntary conversion can qualify for nonrecognition until an amount at least equal to the basis of the converted property, here $28,000, has been reinvested (*Winter Realty & Constr. Co.* v. *Commissioner of Internal Revenue*, 149 F. 2d 567, cert. den. 326 U. S. 754; accord, *Commissioner of Internal Revenue* v. *Flushingside Realty & Constr. Co.*, 149 F. 2d 572, cert. den. 326 U. S. 754). This also eliminates any possible nonrecognition under the facts of the instant case, as petitioners expended some $18,000 less than the basis of the converted property in acquiring its replacement.

The determination should be confirmed, with costs.

HERLIHY, P. J., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Determination confirmed, with costs.